GLENN D. POMERANTZ (State Bar No. 112503)
Glenn.Pomerantz@mto.com
MARK R. YOHALEM (State Bar No. 243596)
Mark.Yohalem@mto.com
ROSE LEDA EHLER (State Bar No. 296523)
Rose.Ehler@mto.com
USHA C. VANCE (State Bar No. 309353)
Usha.Vance@mto.com
ANNE K. CONLEY (State Bar No. 307952)
Anne.Conley@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS. ENTERTAINMENT INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>OMNIVERSE ONE WORLD TELEVISION, INC.; JASON M. DEMEO,<br><br>　　　　Defendants. | Case No. 2:19-cv-01156<br><br>**NOTICE OF RELATED CASE**<br><br>[L.R. 83-1.3.1] |

Plaintiffs notify the Court that this action is related, pursuant to the provisions of Civil Local Rule 83-1.3.1, to three actions that are currently or were until recently pending in this District: *Amazon Content Services, LLC, et al. v. Set Broadcast, LLC, et al.*, No. 2:18-cv-03325-MWF-AS (hereinafter "*Setvnow*"); *Netflix Studios, LLC, et al. v. Dragon Media, Inc., et al.*, No. 2:18-cv-00230-MWF-AS (hereinafter "*Dragon Box*")[1]; and *Universal City Studios Productions LLLP, et al. v. TickBox TV LLC, et al.*, No. 2:17-cv-07496-MWF-AS (hereinafter "*TickBox*").[2]

*Setvnow*, *Dragon Box*, and *TickBox* were previously deemed related to one another. By Order entered April 25, 2018 in the *Setvnow* action, the Court determined that the *Setvnow* action was related to the *TickBox* action; the Court ordered the *Setvnow* action transferred pursuant to General Order 16-05. (No. 2:18-cv-03325-MWF-AS, Dkt. No. 14.) And by Order entered January 11, 2018 in the *Dragon Box* action, the Court determined that the *Dragon Box* action was related to the *TickBox* action; the Court ordered the *Dragon Box* action transferred pursuant to General Order 16-05. (No. 2:18-cv-00230-MWF-AS, Dkt. No. 13.)

Plaintiffs brought the *Setvnow*, *Dragon Box*, and *TickBox* actions to halt infringing conduct by defendants who, through computer hardware and software products, provide customers with access to unauthorized streams of Plaintiffs' copyrighted works. A recent declaration by defendant Paul Christoforo in the *Dragon Box* action identified the Defendants in the instant action as the source of the infringing content at the heart of the *Dragon Box* action. (No. 2:18-cv-00230-MWF-AS, Dkt. No. 49-2.) Plaintiffs have accordingly brought this action to halt the

---

[1] Judgment and a permanent injunction were entered in the *Dragon Box* action on January 29, 2019. (No. 2:18-cv-00230-MWF-AS, Dkt. No. 59.) The Court retained jurisdiction to enforce the terms of the judgment and permanent injunction. (*Id.*)

[2] The *TickBox* action closed on September 12, 2018, following entry of a permanent injunction. (No. 2:17-cv-07496-MWF-AS, Dkt. No. 74.) The Court retained jurisdiction to enforce the terms of the permanent injunction and the parties' settlement agreement. (*Id.*, Dkt. No. 72.)

flagrantly infringing conduct of Defendants, who provide unlicensed content to downstream services, including *Dragon Box* and services similar to the those at issue in *Setvnow*. This action therefore "arise[s] from the same or . . . closely related . . . happening[s], or event[s]." Civ. L.R. 83-1.3.1(a).

There is also substantial overlap among the Plaintiffs and copyrighted works at issue across the three actions. Six Plaintiffs in this action also brought the *Setvnow*, *Dragon Box*, and *TickBox* actions: Paramount Pictures Corporation; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Warner Bros. Entertainment, Inc.; and Universal City Studios Productions LLLP.[3]

Further, this action "call[s] for determination of the same or substantially related or similar questions of law and fact" as those at issue (or already decided) in *Setvnow*, *Dragon Box*, and *TickBox*. Civ. L.R. 83-1.3.1(b). These questions include the scope of inducement liability under *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), and *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013), and the chain of infringement that leads from the Defendants in this action to the unauthorized streams of content accessed by customers of products like those at issue in the *Dragon Box* and *Setvnow* actions.

The Court has already invested substantial resources in analyzing these legal issues and understanding the relevant technology. Given the overlapping legal, factual, and technological issues raised by this action, Plaintiffs believe that

---

[3] Universal Television LLC and Universal Content Productions LLC, formerly known as Universal Cable Productions LLC, were also plaintiffs in *Setvnow*.

1 | assignment to a "different judge[ ]" would "entail substantial duplication of labor."
2 | Civ. L.R. 83-1.3.1(c).
3 | DATED: February 14, 2019        MUNGER, TOLLES & OLSON LLP

By: */s/ Glenn D. Pomerantz*
    GLENN D. POMERANTZ
Attorneys for Plaintiffs