# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; et al., <br> *Plaintiff* <br> v. <br> OMNIVERSE ONE WORLD TELEVISION, INC.; <br> JASON M. DEMEO, <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No.  2:19-cv-1156 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  DirecTV, 2260 E. Imperial Hwy, El Segundo, CA 90245
c/o Brett C. Govett, Norton Rose Fulbright, 2200 Ross Ave., Suite 3600, Dallas, TX 75201

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment 1

| Place: 350 S. Grand Ave., 50th Fl., Los Angeles, CA 90071, or <br> another location agreed to by the parties | Date and Time: <br><br> 04/22/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/09/2019

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Glenn D. Pomerantz |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs, Paramount Pictures Corp, et al. _____ , who issues or requests this subpoena, are:

Glenn D. Pomerantz, Munger, Tolles & Olson LLP, 350 S. Grand Ave., 50th Fl., Los Angeles, CA 90071, (213) 683-9132

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:19-cv-1156

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT 1

### Definitions

1.      "Document" or "documents" is used in the broadest possible sense and means, without limitation, every paper and electronic writing or record of every type and description that is in your possession, control or custody and includes, but is not limited to, e-mails, correspondence, files, drafts, transcripts, minutes, memoranda, telegrams, telexes, stenographic or handwritten notes, studies, analyzes, publications, books, pamphlets, pictures, photographs, films, video tapes, audio tapes, purchase orders, invoices, computer disks, computer printouts, computer source code, drawings, diagrams, flow charts, specifications, blueprints, affidavits, expense records, financial reports, journals, logs, diaries, voice recordings, tapes, maps, reports, surveys, charts, numbers or statistical computations, and every draft or copy thereof, whether signed or unsigned, that is not identical to the original, or that contains any commentary or notation whatsoever that does not appear on the original.

2.      "Agreement" or "agreements" is used in the broadest possible sense and means, without limitation, contracts, terms of service, terms of use, and any other similar document reflecting or memorializing a contractual relationship between the parties.

3.      HOVSAT is defined as Hovsat Cable, Hovsat Inc., Mr. Shant Hovnanian, SpeedusNY L.P., and any other related entity.

4.      OMNIVERSE is defined as Omniverse One World Television, Inc., Jason DeMeo, and any other related entity.

5.      OMNISAT is defined as OmniSat, a joint venture between Hovsat Inc. and Omniverse One World Television, Inc.

1

## Instructions

The following instructions apply to the requests below and should be considered as a part of each such request:

1.      If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.  For alleged privileged documents, include: an identification of the sender and the recipients of the document; the document identification number, the date of the document; a general description of the contents or nature of the document; and a statement of the basis for the asserted claim of privilege.

2.      If you object to any subpart or portion of a request for information or object to providing certain information requested, state your objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

3.      If any of the following requests for information cannot be responded to in full after exercising reasonable diligence to secure the information, please state so, supply the information for those portions you are able to answer, and supply whatever information you have concerning the portion of the request which cannot be answered in full.  If your response is qualified in any particular respect, set forth the details of such qualification.

4.      If any document requested was but is no longer in your possession or subject to your control, or is no longer in existence, please state whether it (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred; or (d) has

been otherwise disposed of, and in each instance, explain the circumstances surrounding each disposition, state the date or approximate date thereof and the identity of the persons with knowledge of such circumstances.

5.      If any document or any portion thereof responsive to any request has been discarded, destroyed, or redacted in whole or in part, state:  (a) the date of the discard, destruction, or redaction; (b) the reason for the discard, destruction, or redaction; (c) the person who discarded, destroyed, or redacted the document; and (d) if discarded or completely destroyed, the files where the document was maintained prior to its destruction.

6.      The documents described herein for production are to be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the requests below.

7.      These requests are continuing in nature and require the subsequent production of any documents that are discovered later or whose relevance to this action is ascertained later in accordance with your discovery obligations under the Federal Rules of Civil Procedure.

8.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

9.      The words "and" and "or" should be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

3

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All agreements between HOVSAT and DirecTV, its predecessors, or related entities, including any authorized subdistributors, dealers, or transporters for DirecTV; or, if such agreements are unavailable, documents sufficient to show the terms of any such agreement.

**REQUEST FOR PRODUCTION NO. 2:**

All agreements between OMNIVERSE or OMNISAT and DirecTV, its predecessors, or related entities, including any authorized subdistributors, dealers, or transporters for DirecTV; or, if such agreements are unavailable, documents sufficient to show the terms of any such agreement.

**REQUEST FOR PRODUCTION NO. 3:**

All agreements relating to or concerning the DirecTV account bearing the account number 13895653.  This request shall include related dealer agreements and agreements reflecting the number and location of receivers.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the terms of payment and payments pertaining to the DirecTV account bearing the account number 13895653.