R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:    310-691-1086
Attorneys for Defendants,
OMNIVERSE ONE WORLD TELEVISION,
INC. and JASON M. DEMEO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br>v.<br>OMNIVERSE ONE WORLD TELEVISION, INC.; JASON M. DEMEO,<br><br>Defendants. | CASE NO. 2:19-cv-01156<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION:**<br><br>**(1) TO SEVER FOR IMPERMISSIVE JOINDER OF PARTY PLAINTIFFS;**<br><br>**(2) FOR MORE DEFINITE STATEMENT; and,**<br><br>**(3) TO STRIKE SCANDALOUS AND IMMATERIAL PORTIONS OF THE COMPLAINT.**<br><br>**Hon. Dolly M. Gee**<br><br>Hearing Date:  May 24, 2019<br>Time: 9:30 a.m.<br>Courtroom: 8C |

# Table of Contents

PAGE

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF FACTS .......................................................................... 1

III. ARGUMENTS ............................................................................................. 5

    A. Omniverse Requests the Court to Sever the Plaintiffs for the Following Reasons ............................................................... 5

        1. Law on Misjoinder ............................................................... 5

        2. Plaintiffs Should be Severed Because the Complaint Does Not State Facts Arising Out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences and Fundamental Fairness to Omniverse ............................................................... 6

    B. Omniverse Requests the Court to Order to the Plaintiffs to Make Their Complaint More Definite So Omniverse Can Properly Respond ............................................................... 7

        1. Law on More Definite Statement ........................................ 6

        2. Plaintiffs' Complaint Must be Made More Definite Because Omniverse Cannot Frame a Proper Responsive Pleading .................................................................. 8

    C. The Court Should Strike All Comparisons to Dragon Box Because the Comparisons are Scandalous and Immaterial ................ 9

        1. Law on Striking ................................................................... 9

        2. Comparing Omniverse to Dragon Box is Scandalous and Immaterial Because Dragon Box is Known for Pirating and Recently Settled for $14.5 Million with Plaintiffs for Copyright Infringment ................... 10

IV. CONCLUSION ........................................................................................ 11

TROJAN LAW OFFICES
BEVERLY HILLS

## Table of Authorities

**Cases**                                                                                                      **Pages**

*Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254 (C.D. Cal. 2014) .................. 8

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ......................................................... 8

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000) ............................... 3, 4

*Coughlin v. Rogers,* 130 F.3d 1348 (9th Cir. 1997) ................................................ 3, 4

*Netflix Studios, LLC v. Dragon Media Inc.,* CV 18-230-MWF (AS) ....................... 8

*On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500 (N.D. Cal. 2011) ............... 4, 5

*Papagiannis v. Pontikis,* 108 F.R.D. 177, 178–79 (N.D.Ill.1985) ......................... 4, 5

*Scarbough v. R-Way Furniture Co.,* 105 F.R.D. 90 (D.C. Wis. 1985) ...................... 6

*Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880 (9th Cir. 1983) .......................... 5

*Wynn v. Nat'l Broad. Co.,* 234 F. Supp. 2d 1067 (C.D. Cal. 2002) .......................... 3

*Warth v. Seldin,* U.S. 490 (1975) ............................................................................... 6


***Codes, Rules, & Statutes***                                                                               **PAGE**

Fed. R. Civ. P. 12(e) .................................................................................................. 5, 6

Fed. R. Civ. P. 12(f) ................................................................................................... 7, 8

Fed. R. Civ. P. 20(a) ...................................................................................................... 3

Fed. R. Civ. P. 20(b) ...................................................................................................... 4

Fed. R. Civ. P. 21 ........................................................................................................... 3


***Treatises***                                                                                                    **PAGE**

5A Charles A. Wright & Arthur R. Miller,
  *Federal Practice and Procedure* § 1382 (1990).......................................... 7, 8

2 *Moore's Federal Practice* § 12.37[3] (3d ed. 2002) .............................................. 7

-iii-

## I. INTRODUCTION:

Defendants Omniverse One World Television, Inc. and Jason M. Demeo (collectively, "Omniverse") asks the Court to sever and dismiss misjoined Plaintiffs. Defendants also ask the Court to direct Plaintiffs to file a more definite statement to explain the nature of the infringement of their copyright claims. Omniverse does not know whether it is (1) accused of piracy, or (2) it is accused of exceeding the scope of the distribution agreement that Hovsat has with DirecTV under which Omniverse engages in marketing, or (3) both. The framing of a proper defense is very different under each of those scenarios.

If the primary issue is whether the Hovsat Distribution Agreement has been exceeded, then the plaintiffs are not misjoined. But if the plaintiffs claim that Omniverse engages in piracy, then there is no common nucleus of operative facts for each copyright infringement, resulting in misjoinder of the plaintiffs. This motion also asks the court to strike specific scandalous and immaterial allegation in the Complaint. When the proper rule of law is applied to the facts of this case, the motions must be granted for the following reasons.

## II. STATEMENT OF FACTS

Omniverse is marketer and technical provider for Hovsat Inc. ("Hovsat"), a licensed cable company since 1971. Hovsat is currently contractually entitled to distribute content under its long-standing agreement with DirecTV, Inc ("DirecTV"). The contract between Hovsat and DirecTV has no limitations with regard to geographic markets, nor innovating with regard to delivery method.

Generally, Omniverse markets content delivered by Hovsat through secured or white listed ports. Omniverse has no record of known pirates having direct access to those ports. Omniverse works with Hovsat, distribution partners and their technical teams to ensure that all distributed content complies with copyright law.

Plaintiffs accuse Omniverse of copyright infringement under 17 U.S.C. § 106(4), intentionally inducing the infringement of the copyrighted works under 17 U.S.C. §§ 106(1) and (4), and contributory copyright infringement by knowingly and materially contributing to the infringement of the copyrighted works under 17 U.S.C. §§ 106(1) and (4). Complaint ¶¶ 65-67, 73-76, and 85-88.

Plaintiffs further compare Omniverse to Dragon Media Inc. d/b/a Dragon Box ("Dragon Box"). Dragon Box was a known pirate of copyrighted broadcast content. The Complaint repeatedly places Omniverse in the same category as pirates such as Dragon Box:

- "Defendants are not, however, just an infringing, consumer-facing service, akin to Dragon Box. Defendants operate at a higher level in the supply chain of infringing content—recruiting numerous downstream services like Dragon Box into the illicit market and providing them with access to unauthorized streams of copyrighted content." Compl. ¶ 1.

- "In a case brought by Plaintiffs, Dragon Box recently agreed to a consent judgment and permanent injunction before this Court. *See Netflix Studios, LLC v. Dragon Media Inc.*, CV 18-230-MWF (AS)." Compl. ¶1 n. 1.

- "Unfortunately, legitimate online streaming services must compete with a growing number of unauthorized services, similar to the 'Blend TV' and 'My TV Hub' services that were offered by Dragon Box. Many of these illegal services rely on Omniverse for the copyrighted content they offer." Compl. ¶ 3.

- "For example, in a recently settled case against an infringing provider, *Netflix Studios, LLC v. Dragon Media Inc.*, CV 18-230-MWF (AS), the defendant in that case declared under penalty of perjury that Omniverse 'allowed' the 'My TV Hub / Milo / Blend TV' infringing services offered through his Dragon Box set-top box product to 'stream

-2-

[Plaintiffs'] copyrighted works' and that 'the owner of Omni,' Defendant DeMeo, 'has represented that he has the licenses, but has declined to provide me and my counsel with a declaration or with a physical copy of the licenses." Compl. ¶ 30.

- "In addition to Dragon Box's Blend TV and My TV Hub, examples of 'powered by Omniverse' services include: SkyStream TV, Flixon TV, and Silicon Dust's HDHomeRun Service." Compl. ¶ 37.

If the plaintiffs seriously contend that Omniverse is another Dragon Box engaging in outright piracy, then it should say so in the complaint. If the plaintiffs are alleging that Omniverse is exceeding the authority of the Hovsat license, then the Dragon Box allegations must be dropped as inflammatory and irrelevant.

## III. ARGUMENTS

### A. Omniverse Requests the Court to Sever the Plaintiffs for the Following Reasons

#### 1. Law on Misjoinder

To decide this motion, the controlling rule of law is FRCP 20 and 21. Under FRCP 21, the Court "[o]n motion or on its own…may at any time, on just terms, add or drop a party." Under Rule 20(a), Plaintiffs attempting to join together in one action must meet two requirements: "(A) they assert [a] right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) [a] question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Both of these factors must be satisfied. *See, e.g.*, *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Wynn v. Nat'l Broad. Co.,* 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002). The Ninth Circuit has stated "the first prong, the 'same transaction' requirement, refers to the similarity in factual background of a claim." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir. 1997). Additionally, the Northern District of California has

stated "downloading the same file [does] not mean…engage[ment] in the same transaction or occurrence." *On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502–04 (N.D. Cal. 2011). Under Federal Rule of Civil Procedure 20(b), the Court "may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudices." Fed. R. Civ. P. 20(b). The Ninth Circuit has stated, "a district court must examine whether comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman*, 232 F.3d 1271 at 1296 (quotation omitted).

**2. Plaintiffs Should be Severed Because the Complaint Does Not State Facts Arising Out of the Same Transaction, Occurrence, or Series of Transactions and Fundamental Fairness to Omniverse**

Eight plaintiffs claim Omniverse infringes their copyrights. However, Plaintiffs fail to state facts that arise from a common transaction, occurrence, or series of transactions. In their Complaint, Plaintiffs state Omniverse operates "at a higher level in the supply chain of infringing content…providing [downstream services] with access to unauthorized streams of copyrighted content." Compl. ¶ 1. Plaintiffs are accusing Omniverse of piracy without stating facts alleging *how* Omniverse committed piracy. An accusation of copyright infringement necessitates who, what, when, and where to establish facts arising out of the same transaction, occurrence, or series of transactions suffered by all plaintiffs. A copyrighted property could have been recorded in a theatre and made available online. Or a secure online file storage could have been accessed, a copyrighted file downloaded and reproduced, and said file made available online. The who, what, when, where could be very different for each copyrighted work.

In *Papagiannis v. Pontikis,* 108 F.R.D. 177, 178–79 (N.D.Ill.1985), a case cited by the Ninth Circuit in *Coughlin*, joinder of plaintiffs was improper despite the similarity of the nature of defendant's alleged misrepresentation to each plaintiff and each plaintiff claiming violation of the same federal law. Additionally, in Northern

-4-

District Court of California case *On the Cheap*, multiple defendants were severed despite all being accused of downloading the same film. Joinder was improper even though "defendants used BitTorrent to download the same film." *On the Cheap*, 280 F.R.D. 5 at 503. If downloading the *same* film is not sufficient for joinder, then downloading *different* copyrighted films and television shows is definitely not sufficient for joinder.

In the present Complaint, Plaintiffs have not alleged a specific incidence of piracy beyond their general copyright infringement claim. Plaintiffs' Complaint identifies multiple allegedly infringed properties having different owners without actually stating *how* the alleged infringements arises under the same transaction shared by all Plaintiffs. Similarly to *Papagiannis*, Plaintiffs here have alleged a general wrong (copyright infringement) covered under the same statute without stating specific shared facts about the copyright infringement shared by the Plaintiffs. Additionally, the downloading of a file does not establish a common transaction, as taught in *On the Cheap.*

Plaintiffs have not stated facts demonstrating how Omniverse infringed Plaintiffs' different copyrighted properties, nor the relatedness of Plaintffs' claims to be joined in one action against Omniverse. Additionally, Omniverse being forced to litigate multiple counts of piracy covering all eight Plaintiffs and their respective properties and unique facts would be fundamentally unfair. For these reasons, the Court must sever the plaintiffs under Federal Rule of Civil Procedure 21.

**B.    Omniverse Requests the Court to Order the Plaintiffs to Make Their Complaint More Definite So Omniverse Can Properly Respond**

### 1.    Law on More Definite Statement

Federal Rules of Civil Procedure 12(e) controls requests for more definite statement. Under Rule 12(e), "[a] party may move for a more definite statement of pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot be reasonably prepare a response." Fed. R. Civ. P.

-5-

12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin,* U.S. 490, 501-02 (1975). "A motion for a more definite statement is an appropriate device to narrow the issues, to delineate the boundaries of claims asserted, and to expedite and simplify the proceedings." *Scarbough v. R-Way Furniture Co.,* 105 F.R.D. 90, 91 (D.C. Wis. 1985).

### 2. Plaintiffs' Complaint Must be Made More Definite Because Omniverse Cannot Frame a Proper Responsive Pleading

The Complaint alleges Omniverse pirates Plaintiffs' individually owned copyrighted properties. The Complaint *also* alleges Omniverse does not have the authorization to market Hovsat's licensed content. In paragraph 1 of the Complaint, Plaintiffs allege Omniverse is "an infringing, consumer-facing service" and infringing Plaintiffs' copyrights by piracy. However, in Paragraph 3 of the Complaint, Plaintiffs *also* allege "Omniverse has no…sub-licensing rights, and thus cannot authorize the downstream services to publicly perform Plaintiffs' Copyrighted Works to their retail customers." These are very different scenarios. It is unclear if Plaintiffs are alleging Omniverse pirated the properties in question, or Omniverse's marketing activities have merely exceeded the scope Hovsat's licensed rights, or both.

If it is only a question of interpreting the Hovsat-DirecTV agreement, then the case will likely be decided based upon the Court's interpretation of broadcasting contract law in the context of copyright law. This could provide a common factual theory for joinder. But if Plaintiffs are alleging outright piracy, then Plaintiffs are pleading a facts intensive case with respect to each copyright infringement. If that is the case, the individual plaintiffs must be severed.

The ambiguities in Plaintiffs' Complaint must be clarified before Omniverse can properly respond. If Plaintiffs' Complaint is alleging Omniverse is a pirate, Omniverse needs to prepare for an action that covers multiple properties held by

-6-

multiple plaintiffs. If Plaintiffs' Complaint is alleging Omniverse does not operate under proper authorization, Omniverse needs to prepare for an action primarily involving the meaning of the Hovsat-DirecTV agreement. Or both. Because of the ambiguities in the Complaint, Omniverse cannot properly respond to Plaintiffs' allegations. Ordering a more definite statement also best serves the time and resources of the Court because it clarifies what facts and allegations are actually at issue, thereby allowing the case to proceed with judicial efficiency. For these reasons, the Court should grant the motion for more definite statement.

### C. The Court Should Strike All Comparisons of Omniverse to Dragon Box Because the Comparisons are Scandalous and Immaterial

#### 1. Law on Striking

Under Federal Rule of Civil Procedure 12(f), the Court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources. *See Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…"). "Scandalous' matter is that which improperly casts a derogatory light on someone, most typically a party to the action." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 at 712 (1990) (footnote omitted). "Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." 2 *Moore's Federal Practice* § 12.37[3] at 12-97 (3d ed. 2002) (footnote omitted). "[T]he disfavored character of 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A Wright & Miller, *Federal Practice and Procedure* §

1382 at 714.[1] This Court has stated "[t]he court may consider documents that are proper subjects of judicial notice in ruling on a party's…motion to strike." *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1260 (C.D. Cal. 2014), *aff'd sub nom. Alvarado v. City of Los Angeles*, 720 F. App'x 889 (9th Cir. 2018).

### 2. Comparing Omniverse to Dragon Box is Scandalous and Immaterial Because Dragon Box is a Known for Pirating and Recently Settled for $14.5 Million with Plaintiffs for Copyright Infringement

Plaintiffs' Complaint refers to and compares Dragon Box to Omniverse five times. S*ee* Compl. ¶¶ 1, 1 n. 1, 3, 30, 37. Plaintiffs know associating Omniverse with Dragon Box means associating Omniverse with a pirate because Plaintiffs are the same plaintiffs that recently sued Dragon Box before this Court in *Netflix Studios, LLC v. Dragon Media Inc.,* CV 18-230-MWF (AS). In the *Netflix* judgment and permanent injunction against Dragon Box, this Court described the "'Dragon Box service'" as "hardware devices preloaded with copyright infringing software programs, applications, and services that transmit or otherwise communicate television programs and motion pictures over the Internet." *See Trojan Dec.*, Exh. B ¶ 1. In the *Netflix* complaint, plaintiffs stated Dragon Box "uses software to link its customers to infringing content on the Internet." *See Trojan Dec.*, Exh. A ¶ 2. The *Netflix* complaint further stated "[t]hese addons are designed and maintained for the overarching purpose of scouring the Internet for illegal sources of copyrighted content and returning links to that content." *Id.* ¶ 26. Finally, in the *Netflix* judgment and permanent injunction, a $14.5 million judgment was entered against Dragon Box for open and notorious piracy. *See Trojan Dec.,* Exh. B. Plaintiffs know Dragon Box

---

[1] The relief provided for in Rule 12(f) need not be granted only upon motion of a party. Consistent with the Court's inherent power to protect the decorum of the proceedings before it, the Court may strike such material *sua sponte*. Fed. R. Civ. P. 12(f); *see Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 5 Wheat 204, 226 (U.S. 1821)).

was before this Court for pirating copyrighted properties, and therefore comparing Omniverse to Dragon Box means comparing Omniverse to a pirate.

Plaintiffs' comparisons of Omniverse to Dragon Box are immaterial and cast a derogatory light on Omniverse and prejudice Omniverse in further proceedings. In Paragraph 1 of Plaintiffs' Complaint, Plaintiffs allege Omniverse is "an infringing, consumer-facing service, *akin* to Dragon Box." Compl. ¶ 1 (emphasis added). Plaintiffs implicitly stated Omniverse is a pirate by stating Omniverse is similar to Dragon Box. And not just a pirate, but one that was recently before this Court and settled for $14.5 million. Additionally, Plaintiffs' Complaint does not allege Omniverse streaming, linking, or otherwise providing pirated copyrighted properties. In Paragraph 37 of present Complaint, Plaintiffs instead *compare* known Dragon Box pirating apps Blend TV and My TV Hub to Omniverse's downstream service customers. Compl. ¶ 37.

Comparisons between Omniverse and Dragon Box are immaterial because Dragon Box is a hardware device utilizing software to search and link pirated content and Omniverse is a marketing partner of a cable company. Comparisons between Omniverse and Dragon Box are also scandalous because comparing the two unlike entities damages Omniverse through guilt by (misplaced) association.

For these reasons, Omniverse requests that all references to Dragon Box, including those with "Dragon Box," "Blend TV," and "My TV," at paragraphs 1, 3, 30, 37 and paragraph 1 footnote 1 be stricken because they are scandalous and immaterial.

/////
/////
/////
/////
/////
/////

## IV. CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiffs' Motion to sever, grant the motion for more definition statement, and grant the motion to strike.

Respectfully submitted,

TROJAN LAW OFFICES

by

April 10, 2019

/s/ R. Joseph Trojan
R. Joseph Trojan
Attorney for Defendants,
OMNIVERSE ONE WORLD TELEVISION, INC. and JASON M. DEMEO