R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: 310-777-8399
Facsimile: 310-777-8348
Attorneys for Defendants,
OMNIVERSE ONE WORLD TELEVISION, INC. and JASON M. DEMEO

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br><br>Plaintiffs,<br>v.<br>OMNIVERSE ONE WORLD TELEVISION, INC.; JASON M. DEMEO,<br><br>Defendants. | CASE NO. 2:19-cv-01156-DMG-PJW<br><br>**DEFENDNATS' *EX PARTE* APPLICATION TO REQUEST THE COURT COMPEL MEDIATION**<br><br>Judge: Hon. Dolly M. Gee<br><br>Magistrate Judge: Hon. Patrick J. Walsh |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Central District Local Rule 7-19, Defendants Omniverse One World Television, Inc. and Jason M. Demeo (collectively, "Defendants") respectfully submit this e*x parte* application to request the Court compel mediation. Pursuant to Local Rule 7-19.1, counsel for Plaintiffs were given notice of this *ex parte* application on August 16, 2019. (Declaration of R. Joseph Trojan ("Trojan Decl."), ¶2.)

On August 19, 2019, Plaintiffs' counsel indicated by email that they will oppose this application. (Trojan Decl., Ex. 2.) Plaintiffs' counsel can be contacted at:

**Glenn D Pomerantz**
Munger Tolles and Olson LLP
350 South Grand Avenue 50th Floor
Los Angeles, CA 90071-3426
213-683-9100
Email: glenn.pomerantz@mto.com

**Anne K Conley**
Munger Tolles and Olson LLP
350 South Grand Avenue 50th Floor
Los Angeles, CA 90071
213-683-9100
Email: anne.conley@mto.com

**Mark R Yohalem**
Munger Tolles and Olson LLP
350 South Grand Avenue 50th Floor
Los Angeles, CA 90071-3426
213-683-9100
Email: mark.yohalem@mto.com

**Melinda E LeMoine**
Munger Tolles and Olson LLP
350 South Grand Avenue 50th Floor
Los Angeles, CA 90071-3426

-1-

Email: melinda.lemoine@mto.com

**Rose Leda Ehler**
Munger Tolles and Olson LLP
350 South Grand Avenue 50th Floor
Los Angeles, CA 90071
213-683-9100
Email: Rose.Ehler@mto.com

**Usha Chilukuri Vance**
Munger Tolles and Olson LLP
560 Mission Street 27th Floor
San Francisco, CA 94105
415-512-4070
Email: Usha.Vance@mto.com

Respectfully submitted,

TROJAN LAW OFFICES
by

August 19, 2019              /s/ R. Joseph Trojan
                             R. Joseph Trojan
                             Attorneys for Defendants,
                             Omniverse One World Television, Inc. and
                             Jason M. Demeo

-2-

## I. Introduction

Defendants request the Court to compel mediation because there is literally nothing left for litigation. Plaintiffs allege in their Complaint that Defendants provided motion picture and television programming content to unauthorized online streaming services in violation of Plaintiffs' copyrights. (Dkt. #1.) There is no conduct to enjoin because Defendants have stopped the alleged offending conduct by shutting down operations. Because Defendants do not have the resources to fight this case, Defendants have ceased operations and are unwinding Omniverse's business operation as Omniverse is going out of business. (Dkt. #39 at pp. 6-7.)

In light of all this, the parties have exchanged several offers, but have reached an impasse to settle the case. (Trojan Decl., Ex. 1.) The parties have exchanged drafts of a stipulated judgment, but the parties reached an impasse when Plaintiffs demanded that Defendants admit to what amounts to egregious conduct in exchange for settlement. Defendants fear Plaintiffs intend to use such a stipulated judgment as part of a criminal investigation against Defendants. To resolve the impasse, Defendants proposed a mediation, which Plaintiffs have flatly refused.

To coerce Defendants to settle on Plaintiffs' terms, Plaintiffs have propounded voluminous discovery requests and issuing a deposition notice, all to drive up the costs of litigation. As Omniverse is out of business and there is nothing left to litigate, Defendants are left with no choice but to ask the Court to compel mediation so that this case can be settled quickly, efficiently, and economically without wasteful and unnecessary discovery. Defendants apply *ex parte* because Plaintiffs are pressing discovery, threatening to move to compel, and unless mediation is ordered, Plaintiffs will engage in months of expensive discovery.

## II. Arguments

### A. Plaintiffs' Demands for the Stipulated Judgment Are Unreasonable

-3-

Pursuant to Local Rule 16-15, "[i]t is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties." Since Defendants have already ceased the alleged offending activities, it thus makes sense to resolve the case as early and economically as possible. Defendants have yet to answer the Complaint as there are pleading motions pending, and the Court has yet to issue a scheduling order.

As noted in the Joint Rule 26(f) Report, on May 31, 2019, "Omniverse management directed the cessation of all streaming services to residential subscribers, effective May 31, and determined that the company will be wound-up and go out of business under the provisions of Delaware law." (Dkt. #39 at p. 6.) Additionally, "the company [would] be unwinding its business operations and will make commercially reasonable dispositions of its equipment and assets in accordance with Delaware law." (*Id.* at p. 7.)

Also on May 31, Defendants made the first of two written settlement offers to Plaintiffs in an effort to settle the litigation and minimize costs. A second settlement offer was sent on July 24, 2019. Plaintiffs' did not confirm if the settlement offers were received by each and every plaintiff and that each and every plaintiff responded to the settlement offers. (Trojan Decl., ¶4.) Defendants are entitled to know that the settlement offers were sent to each and every plaintiff and that a response was received from each and every plaintiff in the form of a full privilege log.

An impasse also arose over the language of the stipulated judgment. Defendants dispute there was any infringement at all, and Defendants particularly dispute that the alleged infringement, if any, was done with malice or bad intent. Defendants also fear that Plaintiffs' proposed judgment could be used in a criminal investigation against Defendants. Given the impasse, on July 31, 2019, Defendants

-4-

proposed mediation regarding the stipulated judgment and the parties' respective disputes:

> We appear to be at an impasse concerning the terms of the stipulated judgment. Rather than give up, it would most likely be helpful to hold a mediation…In fact, we will agree to pay the cost of the mediation.

*Id.* Plaintiffs' counsel responded on August 1: "We do not see a reason to mediate at this time in light of where we are." (Trojan Decl., ¶5.)  A compelled mediation is required to help this matter conclude in an efficient and fair manner.

### B. Plaintiffs Have Threatened a Motion to Compel to Extract Concessions from Defendants in Settlement

Rather than mediate, Plaintiffs seek to use discovery to drive up costs of litigation to force Defendants to concede to Plaintiffs' settlement demands.  Mere days after Defendants informed Plaintiffs that Omniverse was unwinding its business operations in the Joint Rule 26(f) Report, Plaintiffs served five separate discovery requests on June 21.  Defendants responded to Plaintiffs' discovery requests on August 6 and are currently supplementing their responses.  On that same day, August 6, Plaintiffs served a notice of deposition under Federal Rule of Civil Procedure 30(b)(6) for Omniverse.  On August 9, Plaintiffs emailed notice of its intent to file a motion to compel discovery requests.

Plaintiffs have accelerated discovery when the parties should be settling.  Yet, Plaintiffs are threatening to move to compel, even though there is no discovery cut-off and the parties are in the midst of negotiating settlement. Discovery is moot because Omniverse has ceased operations, and proceeding with further discovery and related motions is wasteful.  Unless Plaintiffs are compelled to participate in mediation, Plaintiffs will continue to use the mechanisms of discovery to grind

-5-

Defendants into settlement on Plaintiffs' terms. A Court ordered mediation is required to ensure the fairest and most judicially economical outcome to this matter.

### III. CONCLUSION

Based on the foregoing, Omniverse respectfully requests that the Court to temporarily stay discovery until mediation is completed.

Respectfully submitted,

TROJAN LAW OFFICES
by

August 19, 2019

/s/ R. Joseph Trojan
R. Joseph Trojan
Attorneys for Defendants,
Omniverse One World Television, Inc. and
Jason M. Demeo

-6-