UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1156-DMG (PJWx)** | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANTS' MOTION TO SEVER FOR IMPROPER JOINDER, FOR A MORE DEFINITE STATEMENT, AND TO STRIKE SCANDALOUS AND IMMATERIAL PORTIONS OF THE COMPLAINT [30]**

On February 14, 2019, Plaintiffs Paramount Pictures Corporation; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Twentieth Century Fox Film Corporation; Warner Bros. Entertainment, Inc.; Universal City Studios Productions LLLP; Universal Television LLC; and Universal Content Productions LLC filed a Complaint against Defendant Omniverse One World Television, Inc., and its Chief Executive Officer and founder, Defendant Jason DeMeo, alleging the following three causes of action: (1) copyright infringement; (2) intentionally inducing the infringement of copyrighted works; and (3) contributory copyright infringement by knowingly and materially contributing to the infringement of copyrighted works. [Doc. # 1.] On April 10, 2019, Defendants filed a motion (1) to sever for improper joinder of party plaintiffs, (2) for a more definite statement, and (3) to strike scandalous and immaterial portions of the Complaint. [Doc. # 30]. The motion has since been fully briefed. [Doc. ## 34, 37.] Having carefully reviewed the parties' written submissions, the Court **DENIES** Defendants' motion in its entirety.

I.
FACTUAL BACKGROUND[1]

Plaintiffs own or control copyrights or exclusive rights to reproduce, distribute, and publicly perform movies and television shows that they and/or their affiliates produce or distribute ("Copyrighted Works"). *See* Compl. at ¶¶ 1, 6–13, 22, 24. Plaintiffs and/or their affiliates have invested, and continue to invest, considerable effort and resources each year to develop, produce, distribute, and publicly perform the Copyrighted Works. *See id.* at ¶ 23.

---

[1] This Part is a summary of the Complaint's allegations. The Court expresses no opinion as to their veracity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1156-DMG (PJWx)** | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 2 of 7 |

Plaintiffs license the Copyrighted Works to "a number of legitimate online streaming services, including many well-known services such as Amazon Prime, Hulu TV, Sling, and DirecTV Now." *See id.* at ¶ 2.

"Defendants function as a 'hub' of sorts" by providing "downstream services" with access to unauthorized streams of copyrighted content, including the Copyrighted Works. *See id.* at ¶¶ 1, 33. These downstream services in turn (either directly or through intermediaries) allow consumers to access such content through software applications or streaming set-top boxes (*i.e.*, hardware devices that connect to television sets). *See id.* at ¶¶ 1, 27. Those services offer "DVR" recording capabilities, thereby violating Plaintiffs' exclusive reproduction rights. *See id.* at ¶ 27. One downstream service with which Defendants have a business relationship is Dragon Box, which recently agreed to a consent judgment and permanent injunction in a copyright infringement lawsuit (*i.e.*, *Netflix Studios, LLC, et al. v. Dragon Media Inc., et al.* CV 18-230-MWF (ASx) (C.D. Cal.)). *See* Compl. at ¶ 1 & n.1; *id.* at ¶¶ 18, 30, 37.

The Complaint alleges that Defendants falsely represent to their downstream services and to the press that Defendants are licensed to stream Plaintiff's Copyrighted Works, and that Defendants are permitted to sublicense those rights to downstream services. *See id.* at ¶¶ 3, 30; *see also id.* at ¶ 27 ("Plaintiffs have not authorized Defendants to copy or stream the Copyrighted Works, or to exercise any of Plaintiffs' other exclusive rights under the Copyright Act, 17 U.S.C. § 106."). For instance, Defendant DeMeo falsely told Cord Cutters News that Defendant Omniverse had "acquired rights to [certain television] channels including the ability to stream outside by a contract that is only one of three such contracts in the United States." *See id.* at ¶¶ 31–32. Additionally, in the *Netflix* matter, a Dragon Box official testified that Defendant DeMeo represented that he has the licenses to stream Plaintiffs' Copyrighted Works, but has declined to provide that official and his counsel with a declaration or with a physical copy of the licenses. *See id.* at ¶ 30.

**II.
MOTION FOR A MORE DEFINITE STATEMENT**

Federal Rule of Civil Procedure 12(e) provides in pertinent part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendants move for a more definite statement because they supposedly cannot determine the precise nature of Plaintiffs' theory of the case. *See* Defs.' Mem. of P. & A. at 5, 9–11 [Doc. # 30-2]. Specifically, Defendants claim that the Complaint could advance one or both of the following

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-1156-DMG (PJWx) | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 3 of 7 |

theories of liability: (1) Defendants obtained the Copyrighted Works through outright piracy, and/or (2) Defendants merely exceeded the scope of a distribution agreement that purportedly exists between Defendants' supplier of content (*i.e.*, Hovsat Inc.) and DirecTV, Inc. *See id.* at 5.

Defendants allege that "Omniverse is [a] marketer and technical provider for Hovsat[,] a licensed cable company"; "Hovsat is currently contractually entitled to distribute content under its long-standing agreement with DirecTV"; and "[t]he contract between Hovsat and DirecTV has no limitations with regard to geographic markets, nor innovating with regard to delivery method." *See id.* If these averments are true, then they could establish that Defendants did not engage in piracy and that Defendants' conduct fell within the scope of a valid license. *See also Worldwide Church of God v. Phila. Church of God*, 227 F.3d 1110, 1114 (9th Cir. 2000) ("The existence of a license creates an affirmative defense to copyright infringement."). Thus, Defendants are not entitled to relief under Rule 12(e) because they would have no difficulty answering the Complaint in its current form. *See Holmes v. Fischer*, 764 F. Supp. 2d 523, 531 (W.D.N.Y. 2011) ("Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and *as to prejudice the defendant seriously in attempting to answer it*." (emphasis added) (quoting *Greater N.Y. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002))). To the extent that Defendants need further clarity on this question in order to prepare for dispositive motions and/or a trial in this matter, Defendants may propound appropriately tailored discovery requests. *See Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) ("If the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied.").

### III.
### MOTION TO SEVER FOR IMPROPER JOINDER

Federal Rule of Civil Procedure 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if: . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." "Permissive joinder is to be liberally construed to promote the expeditious determination of disputes, and to prevent multiple lawsuits." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015). Further, Rule 21 permits a court to "add or drop" or "sever any claim against a party" that was misjoined. *See* Fed. R. Civ. P. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1156-DMG (PJWx)** | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 4 of 7 |

Defendants move to dismiss all Plaintiffs, except Lead Plaintiff Paramount Pictures Corporation, on the ground that Plaintiffs have not asserted a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences.[2] *See* Notice of Mot. at 2 [Doc. # 30].[3] The Complaint alleges that "Defendants transmit streams of unauthorized movies and television programs—including the Copyrighted Works—to numerous downstream services." *See* Compl. at ¶ 27. It further avers that these downstream services—either directly or through intermediaries—allow consumers to watch "premium channels owned by Plaintiffs or their affiliates, including FX, the Disney Channel, FreeForm, and USA, as well as others that also offer the Copyrighted Works." *See, e.g., id.* at ¶ 46. Since Defendants allegedly use this business model to exploit Copyrighted Works belonging to each of the eight Plaintiffs, their claims arise out of the same series of transactions or occurrences. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (noting that joinder may be appropriate if the plaintiffs' "claims arise out of a systematic pattern of events"); *cf. Fox TV Stations, Inc. v. Aerokiller, LLC*, 851 F.3d 1002, 1006–07 (9th Cir. 2017) (multiple broadcast stations filed suit against an entity that "operates a service that uses antennas to capture over-the-air broadcast programming, much of which is copyrighted, and *then uses the Internet to retransmit such programming to paying subscribers*, all without the consent or authorization of copyright holders" (emphasis added)).[4] Moreover, although Defendants contend that there are many different means by which an infringer can obtain access to copyrighted material (*e.g.*, recording a film in a theater), that observation has no bearing on the instant motion because Defendants admit that they obtain the

---

[2] Defendants argue for the first time in their Reply that joinder is improper because "[t]here are unique questions of fact and law that affect the copyright claims, which Plaintiffs fail to address[,] relating to how the material was copied." *See* Reply at 2 [Doc. # 37]. The Court need not address this argument because Defendants failed to timely raise it. *See Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Defendants also argue in a conclusory fashion that "being forced to litigate multiple counts of piracy covering all eight Plaintiffs and their respective properties and unique facts would be fundamentally unfair." *See* Defs.' Mem. of P. & A. at 9 [Doc. # 30-2]; Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order . . . .").

[3] All page references herein are to page numbers inserted by the CM/ECF system.

[4] Defendants assert that this matter is distinguishable from *Aereokiller* because "Omniverse is not redistributing captured television signals over the internet . . . ." *See* Reply at 7 [Doc. # 37]. The Court disregards this assertion because it is not supported by any citation to the record. *See Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 286 (N.D. Cal. 2015) ("[A]ttorney argument is not evidence on which the court can rely."). Further, assuming *arguendo* that Defendants do not obtain Plaintiffs' Copyrighted Works via captured television signals, Plaintiffs' claims nonetheless arise out of the same series of transactions or occurrences because Defendants transmit all such content to downstream entities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1156-DMG (PJWx)** | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 5 of 7 |

Copyrighted Works from a common source—*i.e.*, Hovstat. *See* Defs.' Mem. of P. & A. at 5, 8–10 ("The Complaint . . . alleges Omniverse does not have authorization to market Hovsat's licensed content.") [Doc. # 30-2]; *see also* 32 C.J.S. Evidence § 542 (2012) ("Any deliberate, clear, and unequivocal statement, either written or oral, made in the course of a judicial proceeding, qualifies as a judicial admission. . . . Unless withdrawn, a judicial admission is binding on the parties . . . ." (footnotes omitted)). Therefore, Defendants' operations constitute a series of related transactions and occurrences that give rise to Plaintiffs' allegations.

The authorities upon which Defendants rely do not compel the opposite conclusion. The Court in *On the Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500 (N.D. Cal. 2011), merely found that even though thousands of Djoe defendants decided to "download[] the same file[,]" that "did not mean that each of the defendants [was] engaged in the same transaction or occurrence" such that their joinder was proper. *See id.* at 502–03. *On the Cheap* did not decide whether an alleged infringer's transmissions of copyrighted work belonging to multiple plaintiffs constitute "the same . . . *series* of transactions or occurrences" for the purposes of Rule 20(a). *See* Fed. R. Civ. P. 20(a)(1)(A) (emphasis added). *Papagiannis v. Pontikis*, 108 F.R.D. 177 (N.D. Ill. 1985), concluded that it was improper to join fraud claims belonging to two groups of plaintiffs that involved "wholly separate encounters with a confidence man" who "follow[ed] the same routine in cheating each" group because "face-to-face fraud . . . necessarily requires individualized proof." *See id.* at 179. Although Defendants argue that "[e]ach alleged broadcast *may have* individualized facts specific to that work[,]" they do not argue—let alone offer any evidence establishing—that the evidence underlying each Plaintiffs' copyright claims will *likely* differ materially. *See* Reply at 8 (emphasis added) [Doc. # 37]. Therefore, they have not shown that *Papagiannis* calls for the severance of Plaintiffs' claims.

In sum, Defendants have not shown that the joinder of Plaintiffs' claims was improper.

### IV.
### MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . ." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (internal quotation marks omitted). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1156-DMG (PJWx)** | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 6 of 7 |

*Id.* at 938 (internal quotation marks omitted). Further, "[s]candalous material is defined as allegations that cast a cruelly derogatory light on a party or person." *Id.* (internal quotation marks omitted).

Defendants move to strike references in the Complaint to Dragon Box on the grounds that they are immaterial and scandalous.[5] *See* Defs.' Mem. of P. & A. at 11–13 [Doc. # 30-2]. In support of this position, Defendants claim that the plaintiffs in *Netflix* accused Dragon Box of providing customers with software that "scour[ed] the Internet for illegal sources of copyrighted content and returning links to that content." *See id.* at 12. Defendants further assert that the *Netflix* judgment awarded $14.5 million to the plaintiffs in that case for open and notorious piracy." *See id.* They contend that "[c]omparisons between Omniverse and Dragon Box are immaterial because Dragon Box is a hardware device utilizing software to search and link pirated content and Omniverse is a marketing partner of a cable company." *See id.* at 13. They further argue that "[c]omparisons between Omniverse and Dragon Box are . . . scandalous because comparing the two unlike entities damages Omniverse through guilt by (misplaced) association."[6] *See id.*

Defendants' contentions regarding the technology employed by Dragon Box are irrelevant because Complaint does not aver that Defendants obtained access to Plaintiffs' Copyrighted Works using that type of technology. Further, the Complaint alleges that "Defendants operate at a higher level in the supply chain of infringing content" than Dragon Box, and that "Defendants do business with . . . Dragon Box" and other downstream entities, which in turn "provide unauthorized streams of the Copyrighted Works to California residents." *See* Compl. at ¶¶ 1, 18; *see also id.* at ¶¶ 27, 33, 37 (alleging that "Defendants transmit streams of . . . the Copyrighted Words" to (*inter alia*) "Dragon Box's Blend TV and MyTVHub" downstream services). Additionally, the Complaint mentions the *Netflix* matter in order to provide context for a Dragon Box official's testimony that Defendant DeMeo: (1) represented that he had licenses for Plaintiffs' content, but (2) refused to provide that official or his counsel with a declaration or with a physical copy of the licenses. *See id.* at ¶ 1 n.1; *id.* at ¶ 30. The Complaint does not otherwise discuss the *Netflix* case or suggest that Plaintiffs' business

---

[5] Specifically, Defendants seek an order striking footnote 1 and paragraphs 1, 3, 30, and 37 of the Complaint. *See* Notice of Mot. at 2 [Doc. # 30].

[6] In connection with the motion to strike, Defendants request judicial notice of certain documents from the *Netflix* matter. [Doc. # 32.] The Court **DENIES** Defendants' request as **moot** because the Court would deny the motion to strike regardless of whether their characterizations of the *Netflix* case were accurate. Plaintiffs' request for judicial notice of a declaration filed in the *Netflix* matter is also **DENIED** as **moot** because the Court need not rely upon that document to resolve the motion to strike. [Doc. # 35.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-1156-DMG (PJWx) | Date | August 21, 2019 |
| Title | *Paramount Pictures Corp., et al. v. Omniverse One World Television, Inc., et al.* | Page | 7 of 7 |

operations are akin to those of Dragon Box. *See, e.g.*, *id.* at ¶ 1 ("*Defendants are not . . .* just an infringing, consumer-facing service, *akin to Dragon Box.*" (emphasis added)). As these allegations concern whether Defendants willfully infringed Plaintiffs' copyrights, they are not immaterial. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016) ("To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011)) (internal quotation marks omitted)). For that same reason, they do not "cast a cruelly derogatory light" on Defendants. *See Holmes*, 966 F. Supp. 2d at 930 (internal quotation marks omitted).

## V.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion in its entirety. Defendants shall file an Answer to the Complaint within **21 days** of the date of this Order.

**IT IS SO ORDERED.**