# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, *et al.*, <br><br> Plaintiffs, <br> v. <br> OMNIVERSE ONE WORLD TELEVISION, INC., *et al.*, <br><br> Defendants. | Case No.: CV 19-1156-DMG (PJWx) <br><br> **ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION TO COMPEL MEDIATION [40]** |

On August 19, 2019, Defendants Omniverse One World Television, Inc. and Jason M. Demeo filed an *Ex Parte* Application to Compel Mediation and Stay Discovery Pending Mediation. [Doc. # 40.] On August 20, 2019, all named Plaintiffs filed an Opposition. [Doc. # 41.]

Defendants have not shown that they are entitled to *ex parte* relief. Defendants suggest that they will be prejudiced absent immediate judicial intervention because "Plaintiffs have propounded voluminous discovery requests and issu[ed] a deposition notice, all to drive up the costs of litigation." *See Ex Parte* Appl. at 4 [Doc. # 40].[1] Defendants have not shown that Plaintiffs' discovery requests are otherwise improper (*e.g.*, that they exceed the scope of discovery authorized by the Federal Rules). Thus, incurring costs responding to such requests cannot constitute "irreparable prejudice" warranting *ex parte* relief. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial."). Further, if these discovery requests were as unduly burdensome as Defendants claim, then they should have sought a protective order from the Honorable Patrick J. Walsh, United States Magistrate Judge, instead of seeking a stay of all discovery from the undersigned. *See* Notice of Assignment at 1 [Doc. # 7]; Fed. R. Civ. P. 26(c)(1).

//
//
//
//
//

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

The Court will issue an order to all parties to participate in mandatory settlement proceedings after the Scheduling Conference, which will be scheduled after Defendants file their Answer.

Therefore, Defendants' *Ex Parte* Application is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED:  August 22, 2019

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE