R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: 310-777-8399
Facsimile: 310-777-8348
Attorneys for Defendants,
OMNIVERSE ONE WORLD TELEVISION, INC. and JASON M. DEMEO

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

PARAMOUNT PICTURES CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,

Plaintiffs,

v.

OMNIVERSE ONE WORLD TELEVISION, INC.; JASON M. DEMEO,

Defendants.

CASE NO. 2:19-cv-01156-MFW-ASx

**DEFENDANTS OMNIVERSE ONE WORLD TELEVISION, INC. AND JASON M. DEMEO'S ANSWER TO COMPLAINT**

**DEMAND FOR JURY TRIAL**

Judge: Hon. Michael W. Fitzgerald

COME NOW Defendants OMNIVERSE ONE WORLD TELEVISION, INC. ("OMNIVERSE") and JASON M. DEMEO ("DEMEO") (collectively, "Defendants"), by and through their counsel of record and pursuant to Federal Rule of Civil Procedure 12, and hereby file this Amended Answer in response to Plaintiffs PARAMOUNT PICTURES CORPORATION, COLUMBIA PICTURES INDUSTRIES, INC., DISNEY ENTERPRISES, INC., TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS ENTERTAINMENT, INC., UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP, UNIVERSAL TELEVISION LLC, and UNIVERSAL CONTENT PRODUCTIONS LLC's ("Plaintiffs") Complaint ("Complaint") in this matter, as follows:

Defendants deny any and all allegations in Plaintiffs' Complaint, whether express or implied, that are not specifically admitted herein.

TROJAN LAW OFFICES
BEVERLY HILLS

## ANSWER

### I. Introduction

1. Denied.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and on that basis deny them.

3. Denied.

4. Denied.

5. Denied.

### II. The Parties

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and on that basis denies them.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies them.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies them.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies them.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies them.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies them.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies them.

14. Denied

15. Omniverse admits it was an entity incorporated under the laws of the state of Delaware. Omniverse admits its status as a corporation incorporated under the laws of Delaware expired March 1, 2017. Omniverse admits it was registered as a corporation in the state of Missouri with principal place of business at 106 W, 11th Street, Suite 1700, Kansas City, Missouri, by President Jason M. Demeo. Omniverse admits its status as a corporation incorporated under the laws of Delaware expired on November 4, 2015.

16. Jason M. Demeo admits he was the CEO of Omniverse. Jason M. Demeo admits he registered Omniverse One World Television under the laws of Missouri as



TROJAN LAW OFFICES
BEVERLY HILLS

a fictitious name with address at 233 SW Greenwich Drive, Lee's Summit, Missouri 64082. Jason M. Demeo admits he resides in or around Kansas City, Missouri.

**III. Jurisdiction and Venue**

17. Defendants admit that Plaintiffs' Complaint purports to recite an action under federal law based upon copyright infringement under 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b).

18. Denied.

19. Defendants admit to operating the websites www.omniversetv.com and www.jasondemeo.com. The remainder of Paragraph 19 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required.

20. Denied.

21. Defendants admit that Plaintiffs' Complaint purports to recite proper venue in this District under 28 U.S.C. §§ 1391(b), 1400(a).

**IV. Factual Overview**

22. The allegations contained in Paragraph 22 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 22 require a response, Defendants deny them.

23. The allegations contained in Paragraph 23 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 23 require a response, Defendants deny them.

24. The allegations contained in Paragraph 24 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 24 require a response, Defendants deny them.

25. The allegations contained in Paragraph 25 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 25 require a response, Defendants deny them.



TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

26. Denied.

27. Paragraph 27 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 27 require a response, Defendants deny them.

**A. Plaintiffs' Section: Omniverse Provides Copyrighted Works Under False Pretenses**

28. Admitted.

29. Paragraph 29 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. Defendants admit Defendants label their partner downstream services "powered by Omniverse." To the extent that the allegations in Paragraph 29 require a response, Defendants deny them.

30. Denied.

31. Defendants admit that Plaintiffs assert quotations from the article "Are All of These New Live TV Streaming Services for Cord Cutting Legal? We Take a Look" (Oct. 13, 2018), available at https://www.cordcuttersnews.com/areall-of-these-new-live-tv-streaming-services-for-cord-cutting-legal-we-take-a-look/. The allegations contained in Paragraph 31 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 31 require a response, Defendants deny them.

32. Denied.

**B. Plaintiffs' Section: "Powered by Omniverse" Services**

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and on that basis deny them. The allegations contained in Paragraph 33 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 33 require a response, Defendants deny them.

TROJAN LAW OFFICES
BEVERLY HILLS

34. The allegations contained in Paragraph 34 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 34 require a response, Defendants deny them.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and on that basis deny them. The allegations contained in Paragraph 35 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 35 require a response, Defendants deny them.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and on that basis deny them. The allegations contained in Paragraph 36 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 36 require a response, Defendants deny them.

37. The allegations contained in Paragraph 37 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 37 require a response, Defendants deny them.

**C. Plaintiffs' Section: "*SkyStream TV*"**

38. Paragraph 38 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint and on that basis deny them. The allegations contained in Paragraph 38 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 38 require a response, Defendants deny them.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint and on that basis deny them. The allegations contained in Paragraph 39 are not factual allegations that call for a

response from Defendants. To the extent that the allegations in Paragraph 39 require a response, Defendants deny them.

40. The allegations contained in Paragraph 40 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 40 require a response, Defendants deny them.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and on that basis deny them. The allegations contained in Paragraph 41 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 41 require a response, Defendants deny them.

42. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and on that basis deny them. The allegations contained in Paragraph 42 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 42 require a response, Defendants deny them.

**E. Plaintiffs' Section: "*Flixon TV*"**

43. Defendants admit that "Flixon TV," as a master distributor, provided licensed media content of which Defendants were distributors of.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and on that basis deny them. The allegations contained in Paragraph 43 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 43 require a response, Defendants deny them.

44. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and on that basis deny them. The allegations contained in Paragraph 44 are not factual allegations that call for a



TROJAN LAW OFFICES
BEVERLY HILLS

response from Defendants. To the extent that the allegations in Paragraph 44 require a response, Defendants deny them.

45. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 45 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 45 require a response, Defendants deny them.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 46 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 46 require a response, Defendants deny them.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 47 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 47 require a response, Defendants deny them.

**F. Plaintiffs' Section: "*Silicon Dust's HDHomeRun Service*"**

48. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 48 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 48 require a response, Defendants deny them.

49. The allegations contained in Paragraph 49 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 49 require a response, Defendants deny them.



TROJAN LAW OFFICES
BEVERLY HILLS

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 50 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 50 require a response, Defendants deny them.

51. The allegations contained in Paragraph 51 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 51 require a response, Defendants deny them.

52. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint and on that basis deny them.

53. Defendants deny that third-party downstream series obtain infringing content from Defendants or that content marketed by Omniverse is unlicensed. The remaining allegations contained in Paragraph 53 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 53 require a response, Defendants deny them.

**G. Plaintiffs' Section: "*OmniBox*"**

54. Paragraph 54 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. The remaining allegations contained in Paragraph 54 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 54 require a response, Defendants deny them.

55. Paragraph 55 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. The remaining allegations contained in Paragraph 55 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 55 require a response, Defendants deny them.

**H. Plaintiffs' Section: "*End Customers Receive Copyrighted Content Through Unauthorized and Infringing Omniverse-Affiliated***

***Services*”**

56. Paragraph 56 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 56 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 56 require a response, Defendants deny them.

57. Denied.

58. Paragraph 58 of Plaintiffs' Complaint states no more than a legal conclusion to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint and on that basis deny them. The remaining allegations contained in Paragraph 58 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 58 require a response, Defendants deny them.

**I. Plaintiffs' Section: “*Defendants' Mass Infringement of the Copyrighted Works Threatens Plaintiffs with Immediate and Irreparable Harm*”**

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. The allegations contained in Paragraph 62 are not factual allegations that call for a response from Defendants. To the extent that the allegations in Paragraph 62 require a response, Defendants deny them.



TROJAN LAW OFFICES
BEVERLY HILLS

**PLAINTIFFS' FIRST CAUSE OF ACTION**

**(Copyright Infringement, 17 U.S.C. § 106(4))**

64. Defendants hereby incorporate their responses to Paragraphs 1 through 63 of Plaintiffs' Complaint, as stated hereinabove.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

**PLAINTIFFS' SECOND CAUSE OF ACTION**

**(Intentionally Inducing the Infringement of the Copyrighted Works, 17 U.S.C. § 106(1) & (4))**

73. Defendants hereby incorporate their responses to Paragraphs 1 through 63 of Plaintiffs' Complaint, as stated hereinabove.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**PLAINTIFFS' THIRD CAUSE OF ACTION**

**(Direct Infringement of the '183 Design Patent)**

84. Defendants hereby incorporate their responses to Paragraphs 1 through 63 of Plaintiffs' Complaint, as stated hereinabove.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

**PRAYER OF RELIEF**

Defendants incorporate by reference all preceding paragraphs of this Answer as if fully set forth herein. Defendants deny any and all allegations alleged in the Complaint. Defendants deny all allegations that Plaintiffs are entitled to any relief requested in the Complaints' Prayer for Relief, or any other relief.

1. Defendants deny the allegations in this paragraph of the Complaint.
2. Defendants deny the allegations in this paragraph of the Complaint.
3. Defendants deny the allegations in this paragraph of the Complaint.
4. Defendants deny the allegations in this paragraph of the Complaint.
5. Defendants deny the allegations in this paragraph of the Complaint.



TROJAN LAW OFFICES
BEVERLY HILLS

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

### Second Affirmative Defense

(Alleged Copyrights are Invalid)

On information or belief, Plaintiff's alleged copyrights are not protectable as copyrights because the alleged copyrights are invalid.

### Third Affirmative Defense

(License or Assignment)

The claims made in the Complaint are barred, in whole or in part, because Defendants have or operated under a valid license whether an implied license, an oral license, a written license, or otherwise an assignment and thus did not infringe Plaintiffs' alleged copyrights.

### Fourth Affirmative Defense

(Fair Use)

The claims made in the Complaint are barred, in whole or in part, because Defendants' actions fall under the fair use doctrine and thus did not infringe Plaintiffs' alleged copyrights.

### Fifth Affirmative Defense

(Joint Ownership)

The claims made in the Complaint are barred, in whole or in part, because Plaintiffs' alleged copyrights were jointly owned by Defendants.

### Sixth Affirmative Defense

(No Copyright Infringement)

Defendants have not infringed Plaintiff's alleged copyrights.

**Seventh Affirmative Defense**

(Third-Party Use)

The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of the copyrights at issue.

**Eighth Affirmative Defense**

(Unknowing or Innocent Infringement)

The claims made in the Complaint are barred, in whole or in part, because Defendants' alleged infringement of Plaintiffs' copyrights was unknowing or innocent infringement.

**Ninth Affirmative Defense**

(The Works are in the Public Domain)

The claims made in the Complaint are barred, in whole or in part, because Plaintiff's alleged copyrights are works within the Public Domain.

**Tenth Affirmative Defense**

(Causation)

Plaintiff's claims against Defendants are barred in that its alleged damages were caused by or are the result of actions or non-actions by other parties not named in this lawsuit.

**Eleventh Affirmative Defense**

(Failure to Mitigate)

Plaintiff is barred from asserting some or all of the damages claimed in the Complaint, as they failed to take reasonable steps to mitigate their damages.

**Twelfth Affirmative Defense**

(Plaintiff's Actions)

Plaintiff is not entitled to the damages asserted in their Complaint because



TROJAN LAW OFFICES
BEVERLY HILLS

those damages were proximately caused, in whole or in part, by Plaintiff's own conduct, actions, and/or inactions, and/or the conduct, actions, and/or inactions of agents, persons or entities in Plaintiff's control.

**Thirteenth Affirmative Defense**

(No Notice)

Plaintiff's alleged damages are limited because they have not satisfied the requirements of 35 U.S.C. § 287.

**Fourteenth Affirmative Defense**

(Limitation on Damages)

Plaintiff's claims for costs and/or damages are barred, in whole or in part, by 35 U.S.C. §§ 41(b), 286, 287 and/or 288 and 37 C.F.R. § 1.362.

**Fifteenth Affirmative Defense**

(Speculative Damages)

Based on the allegations in Complaint, Plaintiff's alleged damages are speculative and are therefore barred.

**Sixteenth Affirmative Defense**

(No Enhanced Damages or Attorney's Fees)

Plaintiff is not entitled to an award of any punitive, exemplary, enhanced, or multiple damages or any recovery of its attorney fees because Defendants did not engage in any willful, egregious, malicious, fraudulent, deliberate, or intentional conduct or any conduct that would render this case "exceptional" under, e.g., 35 U.S.C. §§ 284 or 285 to justify any such award or recovery.

**Seventeenth Affirmative Defense**

(Expiration of the Statute of Limitation on Enforcement)

Defendants assert that recovery in this case is barred by the statute of limitations.



TROJAN LAW OFFICES
BEVERLY HILLS

**Reservation of Rights**

Answering Defendants reserve the right to assert additional Affirmative Defenses as discovery progresses in this litigation and new information becomes available.

Respectfully Submitted,

TROJAN LAW OFFICES

by

September 11, 2019

/s/R. Joseph Trojan
R. Joseph Trojan
Attorneys for Defendants,
Omniverse One World Television, Inc.
and Jason M. Demeo

TROJAN LAW OFFICES
BEVERLY HILLS