R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Francis Wong, CA Bar No. 284,946
wong@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: 310-777-8399
Facsimile: 310-777-8348

STEPHEN D. MILBRATH (*pro hac vice*)
smilbrath@byrdcampbell.com
BYRD CAMPBELL, P.A.
180 N. Park Avenue, Suite 2A
Winter Park, FL, 32789
Telephone: (407) 392-2285
Facsimile: (407) 392-2286

Attorneys for Defendants and Third-Party Plaintiff,
OMNIVERSE ONE WORLD TELEVISION, INC. and JASON M. DEMEO

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION; COLUMBIA PICTURES INDUSTRIES, INC.; DISNEY ENTERPRISES, INC.; TWENTIETH CENTURY FOX FILM CORPORATION; WARNER BROS ENTERTAINMENT, INC.; UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP; UNIVERSAL TELEVISION LLC; and UNIVERSAL CONTENT PRODUCTIONS LLC,<br>Plaintiffs,<br>v.<br>OMNIVERSE ONE WORLD TELEVISION, INC.; JASON M. DEMEO,<br>Defendants.<br><br>OMNIVERSE ONE WORLD TELEVISION, INC.,<br>Third-Party Plaintiff,<br>v.<br>HovSat, Inc.; Shant Hovnanian; and DOES 1-10, inclusive,<br>Third-Party Defendants. | CASE NO. 2:19-cv-01156-MFW-ASx<br><br>**THIRD-PARTY PLAINTIFF OMNIVERSE ONE WORLD TELEVISION, INC.'S APPLICATION FOR ENTRY OF DEFAULT AGAINST THIRD-PARTY DEFENDANT HOVSAT, INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Michael W. Fitzgerald |

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and to this Court's Order to Show Cause Re: Dismissal for Lack of Prosecution dated December 9, 2019, Third-Party Plaintiff Omniverse One World Television, Inc. ("Omniverse") respectfully request the Clerk of the Court to enter a default against Third-Party Defendant HovSat, Inc. ("HovSat").

On October 9, 2019, HovSat was properly served by handing the Summons and Third-Party Complaint to the current registered agent of HovSat, Arthur P. Havinghorst II, Esq. pursuant to Federal Rule of Civil Procedure 4(e)(1), California Code of Civil Procedure § 415.10, and New Jersey Statutes Annotated 2A:15-30.1. The Proof of Service was file on October 16, 2019 as Dkt. No. 56-1.

Mr. Havinghorst was at the time of service, and still is, the registered agent of HovSat, according to the public record maintained by the New Jersey Secretary of State. (Trojan Decl. at ¶¶ 4-5, Exs. 1-2.) In a letter filed November 12, 2019 in this case, Mr. Havinghorst claims without support that he is not the current agent for HovSat. (Dkt. #59.) While Mr. Havinghorst claims he is not the agent of process, he has failed to resign as the registered agent of HovSat pursuant to the applicable New Jersey Code. N.J.S.A. 14A:4-4.

Specifically, New Jersey Statute 14A:4-4 states that if a registered agent of a corporation wishes to resign as the registered agent of the corporation, then the agent must follow the procedures outlined in the statute. (*Id.*) The New Jersey statute states that a registered agent must "serve a notice of resignation by certified mail, return receipt requested, upon the president, or any vice president, or the secretary or treasurer of the corporation at the address last known to the agent, and shall make an affidavit of such service." (*Id.*) Then, the statute requires, "The affidavit, together with a copy of the notice of resignation, shall be filed in the office of the Secretary of State." (*Id.*) The resignation becomes effective "upon the expiration of 30 days after

APPLICATION FOR ENTRY OF DEFAULT    -1-

TROJAN LAW OFFICES
BEVERLY HILLS

the filing in the office of the Secretary of State of the affidavit under this section or upon the designation by the corporation of a new registered agent pursuant to this act, whichever is earlier." (*Id*.)

    Here, Mr. Havinghorst has failed to follow the procedure outlined in N.J.S.A. 14A:4-4.  Furthermore, Mr. Havinghorst does not claim that he has complied with the resignation procedure provided in New Jersey Statute 14A:4-4.  (*See* Dkt. #59.)  Thus, Mr. Havinghorst is still the registered agent of HovSat, and may still be served on behalf of HovSat.  *See* N.J.S.A. 14A:4-4; *see also* N.J.S.A. 14A:12-9(2)(e).  Therefore, service of the Summons and Third-Party Complaint on Mr. Havinghorst on October 9, 2019, as outlined above, was an effective service of process as provided by the Federal Rules of Civil Procedure, Rules of this Court, and Corporate Statutes of New Jersey.

    Service was completed on October 9, 2019.  (Dkt. #56; Trojan Decl. at ¶ 9, Ex. 3.)  Therefore, HovSat's response to Omniverse's complaint was due on or before October 30, 2019.  (*Id*.)  HovSat has not responded to the Third-Party Complaint.  (*See* Trojan Decl. at ¶ 8.)  HovSat has not appeared before the Court, nor has HovSat attempted to seek an extension of time to respond to the Third-Party Complaint.  (*Id*.)  Additionally, Mr. Havinghorst did not file his letter with the Court until nearly two weeks after the Answer was due.  (*See* Dkt. #56, Dkt. #59; *see also* Trojan Decl. at ¶ 7.)  As such, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, HovSat's default must be entered.

    While HovSat's certificate of incorporation was revoked, the corporation may still be sued under the Corporate Statutes of New Jersey.  A dissolved New Jersey corporation may sue and be sued in its corporate name and process may issue against the corporation in the same manner as if dissolution had not occurred.  *See* N.J.S.A. 14A:12-9(2)(e).  Therefore, HovSat, while revoked, may still be sued and process

APPLICATION FOR ENTRY OF DEFAULT     -2-

may issue against it in the same manner as if the dissolution had not occurred. (*Id.*)

Respectfully Submitted,

TROJAN LAW OFFICES

by

December 26, 2019

/s/R. Joseph Trojan
R. Joseph Trojan
Attorneys for Defendants and Third-Party Plaintiff,
Omniverse One World Television, Inc. and Jason M. DeMeo

BYRD CAMPBELL, P.A.

by

/s/Stephen D. Milbrath
Stephen D. Milbrath
Attorneys for Defendants and Third-Party Plaintiff,
Omniverse One World Television, Inc. and Jason M. DeMeo

APPLICATION FOR ENTRY OF DEFAULT -3-

1   DEFAULT ENTERED AS REQUESTED ON _____, _____.

3                                              By: _____

4                                                      Clerk

TROJAN LAW OFFICES
BEVERLY HILLS

APPLICATION FOR ENTRY OF DEFAULT    -4-

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December 2019, I caused to have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rose Leda Ehler    dkt-filings@mto.com, cynthia.soden@mto.com, rose.ehler@mto.com

Melinda E LeMoine    loren.rives@mto.com, melinda.lemoine@mto.com

Usha Chilukuri Vance    aileen.beltran@mto.com, raphael.sepulveda@mto.com, usha.vance@mto.com

Anne K Conley    carol.jette@mto.com, anne.conley@mto.com

Glenn D Pomerantz    cherryl.tillotson@mto.com, glenn.pomerantz@mto.com

Mark R Yohalem    mark.yohalem@mto.com

TROJAN LAW OFFICES

by

/s/ R. Joseph Trojan
R. Joseph Trojan
9250 Wilshire Blvd.
Beverly Hills, CA
Attorney for Defendants and
 Third-Party Plaintiff,
OMNIVERSE ONE WORLD
TELEVISION, INC., and
JASON M. DEMEO

APPLICATION FOR ENTRY OF DEFAULT    -3-

# CERTIFICATE OF SERVICE

I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above entitled action. My business address is 9250 Wilshire Blvd., Suite 325, Beverly Hills, California 90212.

On December 26, 2019, I served:

-THIRD-PARTY PLAINTIFF OMNIVERSE ONE WORLD TELEVISION, INC.' S APPLICATION FOR ENTRY OF DEFAULT AGAINST THIRD-PARTY DEFENDANT HOVSAT INC.;
-DECLARATION OF R. JOSEPH TROJAN IN SUPPORT OF PLAINTIFF' S APPLICATION FOR ENTRY OF DEFAULT; and
-this PROOF OF SERVICE

By transmitting to:

Arthur P. Havinghorst II ESQ., Registered Agent of HovSat, Inc.
c/o Safari Telecom, Inc.
1 South Corporate Drive
Riverdale, NJ 07457

[X] BY FEDERAL EXPRESS(Overnight): I caused such envelope to be delivered by the above-noted service to the offices of the addressee.

[X] BY MAIL: I am readily familiar with the firm' s practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service and Federal Express on the same day with postage thereon fully prepaid at Beverly Hills, California, in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown on this proof of service.

[X] FEDERAL: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the bar of at whose direction the service was made.

Executed on December 26, 2019, at Beverly Hills, California.

Michiko Speier