UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-1156-MWF (AS) | **Date:** March 5, 2020 |
| **Title:** | Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [72] [74]

Before the Court is Third-Party Plaintiff Omniverse One World Television, Inc.'s ("Omniverse") Motion for Default Judgment Against Third-Party Defendant HovSat, Inc. filed on January 30, 2020. (Docket No. 72). Omniverse filed an amended motion (the "Motion") on the same day. (Docket No. 74). HovSat, Inc. ("HovSat") did not file an Opposition.

The Motion was noticed to be heard on March 9, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **DENIED** *without prejudice*. Omniverse has not established that HovSat has been properly served, and therefore, has not satisfied procedural requirements for obtaining entry of a default judgment.

## I.   BACKGROUND

### A.   Copyright Infringement Complaint

On February 14, 2019, Plaintiffs Paramount Pictures Corporation, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, Warner Bros. Entertainment Inc., Universal City Studios Productions

---

**CIVIL MINUTES—GENERAL**                                                                                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1156-MWF (AS)**                     **Date:  March 5, 2020**
**Title:**     Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al

LLLP, Universal Television LLC, and Universal Content Productions LLC filed a Complaint against Defendants (i) Jason M. DeMeo; and (ii) Omniverse.  (*See generally* the "Copyright Infringement Complaint" (Docket No. 1)).

On November 27, 2019, this Court entered judgment for Plaintiffs and against Defendants Omniverse and DeMeo.  (Docket No. 63 at 1).  The Court also awarded fifty million dollars ($50,000,000) in favor of Plaintiffs and against Defendants.  (*Id.*).

### B.     **Third-Party Complaint**

On September 25, 2019, Omniverse filed a Third-Party Complaint against HovSat.  (Docket No. 48).  The Third-Party Complaint contains the following allegations, which are accepted as true for purposes of the Motion.  *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

Omniverse is a Delaware corporation.  (Third-Party Complaint ¶ 1).  HovSat is a revoked New Jersey corporation.  (*Id.* ¶ 2).

On November 1, 2017, Omniverse and its CEO, Jason DeMeo, entered into a Joint Venture Agreement with HovSat.  (*Id.* ¶ 11).  Omniverse sought to launch a television streaming service that would distribute HovSat's television programming.  (*Id.* ¶ 12).

HovSat consistently represented to Omniverse that HovSat had legally acquired the appropriate copyright licenses for HovSat's television programming from DirecTV.  (*Id.* ¶ 13).  Omniverse relied on these representations and believed that the television programming acquired from HovSat that Omniverse made available on its streaming service was properly licensed.  (*Id.* ¶ 19).  Omniverse also paid monthly payments to HovSat for years which included licensing fees with the understanding that these licensing fees covered the fees HovSat owed to DirecTV to remarket copyrighted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 19-1156-MWF (AS) | Date: March 5, 2020 |
| Title: | Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al | |

content through internet streaming distribution. (*Id.* ¶¶ 24-25). Thus, Omniverse believed that it was in compliance with copyright law and that Omniverse was lawfully distributing the programming acquired from HovSat. (*Id.* ¶¶ 20-22).

Omniverse has made multiple demands to HovSat to produce evidence of HovSat's license relationships with DirecTV to no avail. (*Id.* ¶ 32). Moreover, document productions from DirecTV did not show that HovSat paid license fees to DirecTV. (*Id.* ¶ 34).

Omniverse alleges that it is without fault for the damages alleged in the Copyright Infringement Complaint. (*Id.* ¶ 46). Rather, Omniverse argues that HovSat is directly responsible for Omniverse's distribution of non-licensed content on Omniverse's streaming platform, which resulted in copyright infringement. (*Id.* ¶ 45). Thus, Omniverse asserts that HovSat should indemnify Omniverse for all amounts and losses for which Omniverse may be liable to Plaintiffs in the Copyright Infringement Complaint, including any damages, costs, attorneys' fees, injunctions, or any other sums assessed against Omniverse. (*Id.* ¶ 49).

Based on the following allegations, Omniverse brings the following claims for relief: common law indemnification; breach of contract; negligent misrepresentation; fraudulent misrepresentation; breach of implied warranty of title and against infringement; and breach of implied covenant of good faith and fair dealing. (*Id.* at ¶¶ 40-97).

## II. **DISCUSSION**

### A. **Service and Other Procedural Requirements**

Having reviewed the filings in this action, the Court is not satisfied that Omniverse has met all the procedural requirements for obtaining a default judgment against HovSat.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1156-MWF (AS)            **Date:** March 5, 2020
**Title:** Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al

On October 9, 2019, Omniverse's service processor served HovSat's designated agent, Arthur P. Havighorst II, Esq., by delivering a copy of the Summons and Third-Party Complaint to 1 S Corporate Dr, Riverdale, NJ. (Docket No. 56-1, Ex. 1).

On November 12, 2019, Havighorst sent a letter (the "Havighorst Letter") to this Court. (Docket No. 59). In the letter, Havighorst asserts that HovSat has not asked Havighorst to act as HovSat's agent of process at any time since 2010. (*Id.* at 1). Havighorst also states that he has not remained in contact with anyone at HovSat since 2012, and that Havighorst has "no knowledge of any person's location who may still be involved with Hov[S]at." (*Id.* at 2).

On December 26, 2019, Omniverse filed its application for entry of default against HovSat based upon the Third-Party Complaint. (Docket No. 72 ¶ 6). On December 27, 2019, the Court Clerk entered a default against HovSat. (*Id.*) On January 30, 2020, a copy of the Motion for Default Judgment, the memorandum of points and authorities, and supporting declarations and exhibits were mailed to Havighorst. (*Id.* ¶ 8).

As a preliminary matter, the Court notes that the State of New Jersey revoked HovSat's certificate of incorporation. However, under New Jersey Statute 14A:12-9(2)(e), a dissolved New Jersey corporation can still "sue and be sued in its corporate name and process may issue against the corporation in the same manner as if dissolution had not occurred." N.J.S.A. 14A:12-9(2)(e); *see Lancellotti v. Maryland Cas. Co.*, 260 N.J. Super. 579, 583, 617 A.2d 296, 298, 1992 N.J. Super. LEXIS 434, *4 (explaining that a dissolved corporation retains standing to bring a suit). Thus, no longer being an incorporated entity does not protect HovSat from facing lawsuits filed after HovSat's dissolution.

The critical issue, however, is whether HovSat has been properly served. Federal Rule of Civil Procedure 4(h)(1) provides that a corporation must be served in the manner prescribed for serving an individual under Rule 4(e)(1) or by delivering a copy of the summons and complaint to any officer or any agent authorized by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-1156-MWF (AS)**                      **Date:  March 5, 2020**
**Title:**     Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al

appointment to receive service of process.  Here, based on the Havighorst Letter, it is not clear whether Havighorst is still HovSat's registered agent of process.

Omniverse asserts that Havighorst is still the current agent of process.  (Docket 72-2 at 1).  For support, Omniverse filed a Business Entity Status Report for HovSat, Inc., as downloaded from the New Jersey Secretary of State website on December 18, 2019.  (Declaration of Joseph Trojan ("Trojan Decl.") ¶ 5, Ex. 2 (Docket Nos. 68-1, 68-3)).  The report still shows Havighorst as the Registered Agent of Process for HovSat.  (*See* Docket No. 68-3).  Omniverse also asserts that Havighorst has not provided evidence that he resigned as HovSat's registered agent.  (*See* Havighorst Letter at 1; Motion for Default Judgment at 1).  To resign as a registered agent of a corporation in New Jersey, a registered agent must "serve a notice of resignation by certified mail, return receipt requested, upon the president, or any vice president, or the secretary or treasurer of the corporation at the address last known to the agent, and shall make an affidavit of such service."  N.J.S.A. 14A:4-4.  Given that Havighorst remains the listed agent for HovSat on the New Jersey Secretary of State website, Omniverse argues that Havighorst did not properly resign as HovSat's agent.

While Havighorst appears to be the last registered agent of process for HovSat, the Court cannot ignore Havighorst's Letter, which expressly states that he has not been asked to be HovSat's agent of process at any time since 2010 and that he has not remained in contact with anyone at HovSat since 2012.  Moreover, Omniverse did not provide, and the Court is not aware of, any authority holding that a corporation may be served by the last registered agent even if the corporation has been revoked and the registered agent affirmatively represented to the Court that he is no longer the current registered agent.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Having reviewed the filings in this action, the Court determines that four of the five procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against HovSat on December 27, 2019 (Docket No. 70); (2) HovSat

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-1156-MWF (AS)            **Date:** March 5, 2020
**Title:**    Paramount Pictures Corp. et al v. Omniverse One World Television, Inc. et al

failed to respond to the Third-Party Complaint; (3) HovSat is not an infant or incompetent person (Trojan Decl. ¶ 7); and (4) HovSat is not serving in the military and thus the Service Members Civil Relief Act does not apply. *(Id.)*. However, as explained above, the Court cannot determine that Defendant was properly served with the Summons, the Third-Party Complaint, or the Motion for Default Judgment.

Accordingly, the Court denies Omniverse's Motion for Default Judgment. Omniverse must attempt to serve HovSat through alternative means under the federal rules of civil procedure or applicable New Jersey Law. For example, New Jersey Statute 2A:15-30.1 provides that process may be served on the State official or agency if the business entity is required to register with a State official or agency but fails to maintain a registered agent of process in New Jersey. N.J.S.A. 2A:15-30.1; *see also LimoStars, Inc. v. New Jersey Car & Limo, Inc.*, No. CV-10-2179-PHX-LOA, 2011 WL 3471092, at *3 (D. Ariz. Aug. 8, 2011) (when a limousine company could not serve process on a competitor's agent of process, service on the New Jersey Department of Treasury was proper).

### III. CONCLUSION

For the foregoing reasons, the Motion against Defendant HovSat is **DENIED** *without prejudice*.

IT IS SO ORDERED.